## Weimer *v.* Biesecker, Exr., Appellant.

*Judgment—Opening judgment—Weak-minded person—Death of defendant—Guardian and executor—Disposition on merits.*

Where a rule to open a judgment is taken in the name of a person who claims to be the guardian of the defendant alleged to be weak-minded, it is reversible error to discharge the rule after the defendant's death, on the ground that the petitioner for the rule had not been lawfully appointed guardian, if it appears that at the beginning of the proceedings no objection was made to the validity of the petitioner's appointment as guardian, that seventeen witnesses were heard for the rule and twenty against it without any question as to the petitioner's standing, and that after the death of the defendant, his death was suggested of record, and his executor was substituted in his place as defendant. The record called for a disposition of the case on its merits.

Argued Oct. 1, 1918. Appeal, No. 91, Oct. T., 1918, by defendant, from order of C. P. Cambria Co., Sept. T., 1914, No. 346, discharging rule to open judgment in case of D. P. Weimer, Assignee of Nancy C. Bowman v. Noah Biesecker, Fred W. Biesecker, Executor of Noah Biesecker, formerly Fred W. Biesecker, Guardian of Noah Biesecker. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and FOX, JJ. Reversed.

Rule to open judgment. Before STEPHENS, P. J.

*Error assigned* was order discharging rule to open judgment.

*Charles F. Uhl, Jr.,* with him *Jacob J. Zimmerman, Joseph Levy* and *Charles H. Ealy,* for appellant.—It was error to attack collaterally the decree appointing the guardian: Voris v. Smith, 13 S. & R. 334; Rogers v. Walker, 6 Pa. 371; Willis v. Willis, 12 Pa. 159; Williamson's Case, 26 Pa. 9; Yaple v. Titus, 41 Pa. 195; Hazelett v. Ford, 10 Watts 101; Doyle v. Com. ex rel. Davis, 107 Pa. 20; Hoskins v. Somerset Coal Co., 219 Pa. 373.

There was an abuse of legal discretion by the court in discharging the rule to show cause why the judgment in suit should not be opened and the guardian of Noah Biesecker, defendant, let into a defense.

*Walter E. Glass,* with him *James M. Walters,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, January 4, 1919:

The proceeding in the court below was an application to open a judgment for $9,600, which had been entered July 18, 1914, on a note containing a warrant of attorney authorizing its entry. The obligation, dated January 16, 1912, was payable on demand to the order of Nancy C. Bowman, the assignor of the appellee, and purported to have been signed by Noah Biesecker, who at that time was eighty-seven years of age. The application to open the judgment was made by Frederick W. Biesecker, who averred that in a proceeding instituted in the Court of Common Pleas of Somerset County in January, 1912, under the Act of May 28, 1907, P. L. 292, Noah Biesecker was found to be feeble-minded, and the petitioner was appointed guardian of his estate; that Noah Biesecker had not signed the note upon which the judgment had been entered; that if he did sign it, it was without consideration, and his signature to it had been procured by fraud and undue influence exercised over him by said Nancy C. Bowman, and that at the

time of his alleged execution of it he was mentally incompetent to transact any business or to understand the nature of the obligation. Upon this petition a rule was granted to show cause why the judgment should not be opened; to which an answer was filed, denying the material averments of the petitioner and demanding proof of his appointment as guardian of the defendant in the judgment. When he started to take depositions in support of his petition, he submitted a certified copy of the proceedings in the Somerset County court, showing he had been appointed by that court guardian of the defendant on January 18, 1912, but the court below, in a lengthy opinion, held the appointment to be void, because the Court of Common Pleas of Somerset County had not exercised jurisdiction in accordance with the requirements of the Act of 1907, and discharged the rule for the sole reason that the petitioner for it had not been lawfully appointed guardian. Whether this impeachment of the decree of the Court of Common Pleas of Somerset County was error, is a question we need not consider, for the order appealed from must be reversed for another reason, and the guardian is no longer in the case.

At the very threshold of the taking of depositions in support of the petition to open the judgment there was proof of the formal appointment of the guardian by the Somerset County court and of the proceeding there conducted which resulted in it; but no objection was made by the appellee to the right of the petitioner to proceed on the ground of the invalidity of his appointment, and no motion was promptly made to the court for the dismissal of the petition on that ground. On the contrary, seventeen witnesses were called and examined by the petitioner without objection from the respondent, and he in turn called and examined twenty. The case thus proceeded on its merits, and on February 8, 1918—two months before the depositions on each side were filed—the defendant in the judgment died. His death was sug-

gested, and his executor, the appellant—presumably with leave of court—was substituted as defendant in the judgment, succeeding to the rights and duties of the guardian. This was the situation when the court below discharged the rule to show cause, for the reason stated. Instead of such disposition of it, the record called for a disposition of the case on its merits, and not for the summary striking down of the decree of a court of coördinate jurisdiction on the ground of failure to lawfully exercise it.

The decree is reversed and the rule to show cause is reinstated, with a procedendo, with direction that it be made absolute or discharged, as the testimony taken may require.